Case 05-62381    Filed 01/23/08    Doc 25

POSTED ON WEBSITE

FILED

JAN 23 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                   )   Case No. 05-62381-B-13
                                        )
Claudine Lopez,                         )   DC No. MHM-1
                                        )
           Debtor.                      )
_____)

**MEMORANDUM DECISION REGARDING TRUSTEE'S
MOTION FOR ORDER OF DISMISSAL**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Michael H. Meyer, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Terri L. McCracken, Esq., appeared on behalf of debtor Claudine Lopez (the "Debtor").

Before the court is the Trustee's motion to dismiss this chapter 13 case for "cause" pursuant to 11 U.S.C. § 1307(c)[1] (the "Motion"). For the reasons set forth below, the Trustee's Motion will be conditionally denied, provided the Debtor shall, within ten (10) days, properly file, serve, and notice a hearing to approve a modified chapter 13 plan.

This memorandum decision contains the court's findings fact and conclusions of

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *prior* to October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

law as required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 1307 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**Background.**

This bankruptcy was filed as a voluntary chapter 13 on October 14, 2005. The Debtor confirmed a chapter 13 plan on January 31, 2006 (the "Plan"). The Plan, as modified by the confirmation order, required the Debtor to make monthly payments to the Trustee in the amount of $150, culminating with one balloon payment sufficient to pay 100% of all allowed unsecured claims (estimated in the Plan to be $55,392.14) in the 24th month of the case. The Plan suggests, but does not require, that the source of funds for the balloon payment will be a refinance of the house that the Debtor lives in (the "Residence").

On December 19, 2007, the Trustee brought this Motion on the grounds that the Debtor failed to make the balloon payment when it came due after 24 months, i.e., at the end of October 2007. The Debtor appeared with her attorney, Terri L. McCracken, Esq., in opposition to the Motion. Ms. McCracken represented to the court that title to the Residence is presently vested in the name of the Debtor's deceased husband. Further, the Debtor cannot refinance the Residence and pay off the Plan unless and until she successfully completes a probate proceeding for her deceased husband and acquires title to the Residence. Ms. McCracken acknowledged that the Debtor had failed to commence any proceedings in the probate court during the two years after the Plan was confirmed; she requested a one year extension of the Plan, and deferral of the balloon payment, to file and complete the probate proceeding and the refinance process. Ms. McCracken represented that she "closed her file and forgot" about the case after the Plan was confirmed in 2006 and she accepted full responsibility for the default. The court instructed Ms. McCracken to file and serve a modified plan immediately and took the

Trustee's Motion under submission to monitor the progress of that effort.

As of this date, the Debtor has not filed a modified plan or properly set the matter for a hearing in compliance with this court's General Order 05-03 ¶ 8(b) (effective October 17, 2005), as amended by General Order 06-01, which prescribes the procedure for modification of chapter 13 plans. The court notes that Ms. McCracken did file a purported motion to modify the Plan, and noticed a hearing for February 14, 2008, but those pleadings do not include a modified plan and the purported motion to modify cannot be approved. Pursuant to § 1327(a), the debtor and the creditors are bound by the terms of the confirmed plan unless and until it is properly modified, at which point, the modified plan becomes the plan and sets the new benchmarks for performance. § 1329(b)(2). The creditors in this case were originally promised full payment within 24 months and the ongoing delay is prejudicial to creditors. The court is persuaded that cause will exist to dismiss this case under § 1307(c) unless, within ten (10) days, a modified plan is filed and properly set for hearing in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the General Orders and Local Rules of this court.

**Conclusion.**

Based on the foregoing, the Trustee's Motion to dismiss this chapter 13 case will be denied, provided the Trustee may renew his request for dismissal by ex parte application after ten (10) days if the Debtor fails to file a modified chapter 13 plan to cure the default and properly set a hearing on her motion for approval of the modified plan, in compliance with, *inter alia*, this court's General Order 05-03 ¶ 8(b). The Trustee may also renew this Motion on ten (10) days' notice if the modified plan is not approved for any reason.

Dated: January 23, 2008

W. Richard Lee
United States Bankruptcy Judge